Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered July 16, 2013, which granted defendant’s motion to *620 dismiss the complaint sounding in fraud, fraudulent concealment, and conspiracy on the ground that plaintiff lacked capacity to sue pursuant to Business Corporation Law § 1312 (a), unanimously modified, on the law and in the exercise of discretion, to grant plaintiff leave to replead, and otherwise affirmed, without costs.
Plaintiff Palisades Tickets, Inc. commenced this action against defendant Gerald Daffner, an attorney admitted to practice in New York State, alleging that he conspired with his clients, judgment debtors on an underlying judgment rendered in favor of plaintiff, to use his escrow accounts to conceal the debtors’ assets so as to impede plaintiff from collecting on the judgment. While it is undisputed that plaintiff is a foreign corporation and is unauthorized to do business in New York State, defendant has not established entitlement to dismissal of the action pursuant to Business Corporation Law § 1312 (a), which bars suits by foreign corporations that do business in New York without authorization. Even if the underlying judgment arose from a business transaction with the judgment debtors, who are New York residents and corporations, evidence of a single transaction is insufficient to sustain defendant’s burden of showing that the corporation engaged in “systematic and regular” business activities in this state (see Acno-Tec Ltd. v Wall St. Suites, L.L.C., 24 AD3d 392, 393 [1st Dept 2005]; Nick v Greenfield, 299 AD2d 172, 173 [1st Dept 2002]).
Defendant argues as an alternative ground for affirmance that the action is barred by the doctrine of collateral estoppel and that plaintiff failed to plead fraud with sufficient particularity. The action is not barred by collateral estoppel since the issue of whether defendant engaged in fraudulent conduct or other improprieties was not necessarily decided in the prior action (see Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]). The complaint should nevertheless be dismissed to the extent it alleges fraud and fraudulent concealment since it does not allege that there was a misrepresentation or that any such misrepresentation induced justifiable reliance by plaintiff (see Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996]), nor does it allege that defendant owed a duty to disclose information to plaintiff (see P.T. Bank Cent. Asia, N.Y. Branch v ABN AMRO Bank N.V., 301 AD2d 373, 376 [1st Dept 2003]). Leave to replead is granted to the extent the complaint alleges that defendant knowingly assisted his clients’ fraudulent concealment or conveyance of assets to allege with greater specificity the elements of this cause of action (see Syllman v Calleo Dev. Corp., 290 AD2d 209 [1st Dept 2002]).
Concur—Tom, J.E, Moskowitz, Manzanet-Daniels, Feinman and Gische, JJ.